# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VIDRIO FLORES,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>AMERICAN HOME EQUITY CORPORATION; COMMONWEALTH LAND TITLE; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN LOANSTAR TRUSTEE SERVICE; HSBC BANK, NATIONAL ASSOCIATION; and DOES 1-200,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10-CV-00324-IEG (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. No. 13); and**<br><br>**(2) DENYING AS MOOT DEFENDANT HSBC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. No. 5).** |

Presently before the Court is Defendant HSBC Bank, National Association's ("HSBC") motion to dismiss Plaintiff Martin Vidrio Flores' ("Plaintiff") First Amended Complaint for failure to state a claim. (Doc. No. 10.) Also before the Court is Plaintiff's motion to remand. (Doc. No. 13.)

These motions are suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court GRANTS Plaintiff's motion to remand, and DENIES AS MOOT HSBC's motion to dismiss.

## BACKGROUND

This case involves two loans obtained by Plaintiff for the purchase of property, and the

alleged concealment of material information by his lenders. Plaintiff commenced the action in state Superior Court on September 11, 2009, and Defendants subsequently removed the action to this court on February 10, 2010, on the basis of federal question jurisdiction. (Doc. No. 1.)

On February 17, 2010, HSBC filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. (Doc. No. 5.) The Court denied the motion as moot after Plaintiff filed a First Amended Complaint ("FAC").[1] (Doc. No. 8.)

Plaintiff's FAC names as defendants HSBC, American Home Equity Corporation, Commonwealth Land Title, First American Title Company, First American Loanstar Trustee Service, and Does 1-200. Plaintiff asserts twelve causes of action: (1) violation of the Truth in Lending Act; (2) violation of California Business and Professions Code § 17200; (3) unfair business practices in violation of several state and federal statutes; (4) fraudulent omission; (5) unfair business practices in violation of California Financial Code § 2-2302; (6) quiet title; (7) breach of contract; (8) breach of implied covenant of good faith and fair dealing; (9) declaratory and injunctive relief; (10) fraud; (11) violation of several sections of the California Civil Code; and (12) rescission based on violation of California Civil Code § 1632.

On March 29, 2010, HSBC filed the instant motion to dismiss the FAC. (Doc. No. 10.) On April 14, 2010, Plaintiff filed an opposition, which consisted entirely of a motion to remand and proposed Second Amended Complaint ("SAC"). (Doc. No. 11.) Pursuant to the Court's instruction, Plaintiff withdrew the opposition and re-filed it as a motion to remand. (Doc. No. 13.) In his motion, Plaintiff moves the Court to remand the case to state court based on the proposed SAC, which deletes the federal claims and references to federal law.

The Court granted HSBC leave to file a late opposition to Plaintiff's motion to remand, and Plaintiff filed a reply. (Doc. No. 20.) In its opposition, HSBC argues the Court cannot remand this case because the Court has diversity jurisdiction. Because Plaintiff's subsequent reply did not address this issue, the Court ordered Plaintiff to file supplemental briefing. (Doc. No. 23.) Plaintiff failed to do so. Despite Plaintiff's failure to comply with this order, the Court addresses

---

[1] The Court granted Plaintiff leave to amend because, at the time Plaintiff filed his opposition, he would have been permitted to file an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 8.)

the motion to remand on the merits.

## DISCUSSION

### I. Plaintiff's Request for Leave to Amend

Federal Rule of Civil Procedure 15 allows a party to amend its pleading with leave of court after the period for amendment as a matter of course has expired. See FED. R. CIV. P. 15(a)(2). Rule 15 provides, "[t]he court should freely give leave when justice so requires." Id. The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted). The Supreme Court has articulated five factors the courts should consider in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. Forman v. Davis, 371 U.S. 178, 182 (1962); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).

Upon weighing these five factors, the Court finds it appropriate to grant Plaintiff leave to amend. First, HSBC has not demonstrated bad faith or undue delay. HSBC argues Plaintiff's proposed SAC attempts to disguise federal claims as state claims. Based on review of the proposed SAC, this argument has no merit. The Court also relies on Plaintiff's representation he has "removed any reference and/or what could be interpreted as reliance, to federal rule of law." (Mot. to Remand at 7:14-16.) Furthermore, it is not improper for Plaintiff to seek dismissal of the federal claims with leave of the court, and seek remand based on the remaining state law claims.[2] See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir. 1995) (when a plaintiff files both state and federal causes of action in state court, and the defendant removes the case, the plaintiff is entitled to settle certain claims or dismiss them with leave of the court; the district court then has discretion to grant or deny remand).

---

[2] The proposed SAC deletes reference to the Truth in Lending Act, Real Estate Settlement Procedures Act, and the Federal Debt Collection Practices Act, while retaining nine state law causes of action: (1) fraudulent omission; (2) unlawful business practices in violation of California Business and Professions Code § 17200; (3) quiet title; (4) breach of contract; (5) breach of implied covenant of good faith and fair dealing; (6) declaratory and injunctive relief; (7) fraud; (8) violation of various sections of the California Civil Code; and (9) rescission based on California Civil Code 1632.

1        In addition, HSBC's argument that Plaintiff's state law claims have no merit does not
2 weigh against granting leave to amend.  This is not a situation where Plaintiff seeks to amend to
3 *add* claims which would be futile.  In this case, Plaintiff seeks to amend the complaint to delete
4 reference to federal law, while retaining the *same* state law causes of action.  HSBC's arguments
5 regarding the merits of these state law claims are more appropriately addressed on a subsequent
6 motion to dismiss the SAC.  Most important, amendment would not be prejudicial. This case is in
7 the early stages of litigation, and no discovery has yet taken place.  The only factor weighing
8 against granting leave to amend is the fact that this is the second time Plaintiff has attempted to
9 amend the pleadings.[3]

10       Therefore, the Court grants Plaintiff leave to amend.  The Clerk of Court shall file the
11 proposed SAC, which is attached to Plaintiff's motion to remand. (Doc. No. 13-2.)

12 **II.    Plaintiff's Motion to Remand**

13       Plaintiff moves the Court to remand based on the SAC.  HSBC opposes the motion,
14 arguing that even if the federal claims are dismissed, "diversity jurisdiction likely exists." (Def.'s
15 Opp'n to Mot. to Remand at 2:11.)  If there remains a jurisdictional basis for the state law claims,
16 the Court has no discretion to remand Plaintiff's claims to state court. See Williams v. Costco
17 Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006) (quoting U.S. v. Rubenstein, 971 F.2d 288,
18 293 (9th Cir. 1992)) ("With rare exceptions . . ., where the district court is presented with a case
19 within its original jurisdiction, it has 'a 'virtually unflagging obligation' to exercise the jurisdiction
20 conferred upon [it].").

21        The diversity jurisdiction statute, 28 U.S.C. § 1332, provides in relevant part, "The district
22 courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds
23 the sum or value of $ 75,000 . . . and is between . . . citizens of different states . . . ."  28 U.S.C. §
24 1332.  In a diversity case, all plaintiffs must be of different citizenship than all defendants.
25 Strawbridge v. Curtis, 7 U.S. 267 (1806).

26        HSBC argues the Court should disregard the alleged non-diverse citizenship of defendants

27 ───────────────

28     [3]In fact, this is the second time, in response to a motion to dismiss, that Plaintiff has filed a request for leave to amend, in lieu of an opposition.  (Doc. Nos. 6, 11.)

- 4 -                                                                 10cv00324

1 American Home Equity Corporation and Commonwealth Land Title, because this action was
2 commenced on September 11, 2009, and Plaintiff has not served either party with a summons and
3 complaint.[4]  However, diversity jurisdiction depends upon the citizenship of the parties *named*, not
4 whether they have been served. Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939).  HSBC's
5 citation to out-of-circuit unpublished district court cases and other out-of-circuit cases do not
6 require a different conclusion. The Court therefore declines to disregard the citizenship of the non-
7 diverse defendants.

8 Moreover, because Plaintiff's jurisdictional allegations are insufficient, the Court cannot
9 determine the parties' citizenship.[5]  For each corporate defendant, Plaintiff alleges the State by
10 which the defendant was incorporated and that each defendant is "doing business in the State of
11 California."  However, Plaintiff does not allege the principal place of business. See 28 U.S.C. §
12 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been
13 incorporated and of the State where it has its principal place of business. . . ."). Also, Plaintiff
14 alleges he is a "resident" of California, without alleging he is a citizen of California. See Kanter v.
15 Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not
16 necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Because HSBC
17 does not specify the citizenship of all the parties, the Court cannot determine whether there is
18 complete diversity. See id. ("Absent unusual circumstances, a party seeking to invoke diversity
19 jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").
20 Therefore, the Court cannot determine whether diversity jurisdiction exists.

21 The Court further declines to retain supplemental jurisdiction over the state law claims
22 asserted in the SAC.  Pursuant to 28 U.S.C. § 1367, federal courts may exercise supplemental
23 jurisdiction over state law claims "that are so related to claims in the action within such original
24 jurisdiction that they form part of the same case or controversy under Article III of the United
25 States Constitution." 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715,

---

[4] HSBC does not argue that these are sham defendants, only that their citizenship is irrelevant.

[5] The Court looks to the jurisdictional allegations in Plaintiff's original complaint, Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004) (diversity must exist at the time the lawsuit is filed).

1  725 (1966).  However, district courts may decline to exercise supplemental jurisdiction if: (1) the
2  claim raises a novel or complex issue of state law; (2) the state law claim substantially
3  predominates over the federal claims; (3) the district court has dismissed all claims over which it
4  has original jurisdiction; or (4) if there is some other exceptional and compelling reason to decline
5  jurisdiction. 28 U.S.C. § 1367(c).  In deciding whether to exercise supplemental jurisdiction, the
6  court should consider the interests of judicial economy, convenience, fairness and comity.  <u>City of
7  Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 173 (1997); <u>Smith v. Lenches</u>,  263 F.3d 972,
8  977 (9th Cir. 2001).

9  Here, two of the enumerated exceptions set forth in § 1367(c) apply.  First, the Court has
10 permitted Plaintiff to dismiss all claims over which it has original jurisdiction, and the only
11 remaining claims are state law claims.  Second, because only state law claims remain, state law
12 claims necessarily substantially predominate over the federal claims.  Furthermore, the interests of
13 judicial economy and convenience do not militate in favor of exercising supplemental jurisdiction.
14 This case is in the early stages of litigation, and no discovery has yet taken place.  The interest in
15 fairness also does not militate in favor of exercising supplemental jurisdiction, as Plaintiffs were
16 entitled, after removal of the case, to dismiss claims with leave of the Court and seek remand.  <u>See
17 Baddie v. Berkeley Farms, Inc.</u>, 64 F.3d 487, 490 (9th Cir. 1995).

18 Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state
19 law claims.  Plaintiff's motion to remand is granted.

## **CONCLUSION**

21 For the reasons stated above, the Court grants Plaintiff leave to amend the complaint.  The
22 Clerk of Court is ORDERED to file the proposed Second Amended Complaint, which is attached
23 to Plaintiff's motion to remand. (Doc. No. 13-2.)  The Court GRANTS Plaintiff's motion to
24 remand, and DENIES AS MOOT HSBC's motion to dismiss Plaintiff's First Amended Complaint.

25 **IT IS SO ORDERED.**
26 **DATED:  July 6, 2010**

27
   **IRMA E. GONZALEZ, Chief Judge**
28 **United States District Court**